CLIFFORD HARMER v. MARTIN N. HOLT AND OTHERS.[1]

November 9, 1923.

No. 23,639.

**Court's refusal to substitute unsupported findings drawn by plaintiff sustained.**

1. In an action for the rescission of a contract for the sale of land of minors, made in their behalf by the defendants as guardians, plaintiff sought to have the amount paid on the contract and the value of the improvements adjudged a lien on the land. The court found "that the material and essential allegations of the plaintiff's complaint herein have not been proved." Plaintiff did not move for more specific findings. He did move to have findings prepared by him substituted. The latter were either not supported by evidence, or were as to some of them such that the court could well decline to find them true. *Held*: Even though the findings made were not in proper form, there is no reversible error in the action of the trial court.

[1] Reported in 195 N. W. 637.

**Failure of plaintiff's proof.**

2. Plaintiff failed to prove that any defect existed in the minors' title, or that he tendered the balance of the purchase price, or that the probate court had approved the sale, all necessary facts in order to maintain the action.

**Time not of the essence of the agreement.**

3. There was no valid modification of the terms of the contract, but the evidence showed a waiver of the provision that time should be of the essence of the agreement.

**No lien on land for improvements made by vendee.**

4. The action cannot be maintained on the theory that the land of the minors is liable to the payment of the claim, for there was no proof that the making of this contract was sanctioned by the probate court.

**Plaintiff not prejudiced when defendant fails to prove his case.**

5. No error in the reception of defendants' evidence prejudiced plaintiff, because the latter failed to prove a case.

Action in the district court for Dakota county to cancel a contract and to recover $2,095.83. Defendants' demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was overruled, Converse, J. The case was tried before Johnson, J., who made findings and dismissed the action. Plaintiff's motion for substituted findings and conclusions was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*C. P. Carpenter*, for appellant.

*Alfred E. Rietz* and *Smith, Rietz, Merriam, Soderquist & Wright*, for respondents.

HOLT, J.

Plaintiff sues the guardians of certain minors to recover the earnest money paid and to have the value of improvements erected declared a lien upon certain land belonging to the minors, which the guardians had contracted to sell to plaintiff, but failing to so do the latter rescinded. After setting forth the appointment and

qualification of defendants as guardians and the ownership of the land by the minors, the complaint alleges the making of the contract by defendants as guardians of the minors to sell the land to plaintiff. A copy of the contract is attached and made a part of the complaint. It also averred that plaintiff paid $1,000 upon the contract and entered into possession of the land and has ever since occupied the same; that the title was defective; that there were negotiations to take steps to perfect the title; that defendants refused and neglected so to do; and that plaintiff notified defendants of his election to rescind the contract. The answer admitted the contract, the payment of the $1,000, and the possession of plaintiff; alleged defendants' minors held good title; that to satisfy plaintiff defendants employed an attorney to cure the alleged defects claimed by plaintiff; that the latter was unable to raise the $5,400 required in the contract to be paid when the conveyance was to be made and has since been unable to so do; and that plaintiff has waived a strict compliance with the terms of the contract.

The court found, as facts: "That the material and essential allegations of the plaintiff's complaint herein have not been proved and that no cause of action has been established by the evidence in favor of the plaintiff against the defendants." Plaintiff moved to substitute findings of fact and conclusions of law prepared by his attorney. But, as several of the controlling facts therein stated were either contrary to the evidence or the court might well find them without support, we cannot hold the refusal to make the requested findings reversible error. However, the form of the findings as made is subject to criticism. Which are the material and essential allegations in the complaint is left to conjecture. But, in the absence of a motion or request for more specific findings, there can be no reversal because of the improper form of those made. Hewitt v. Blumenkranz, 33 Minn. 417, 23 N. W. 858.

Plaintiff does not ask for specific performance. He has not rescinded by his own act, for he has not surrendered the possession of the land. Does the record show that he is in position to ask a court of equity to decree a rescission and restore to him what he has parted with or expended on improvements? We think not.

The record is not satisfactory. The contract dated September 11, 1920, provided that the vendee should pay $5,400 on or before February 11, 1921, "or as soon thereafter as a warranty deed conveying a good title to said land is tendered, time being considered of the essence of this contract." The contract also contains provisions that the sale is subject to an order of the probate court authorizing and confirming the sale as therein made, and if the judge should not so do the contract was to be void and the $1,000 paid refunded, but plaintiff was to pay $20 per month for the period he occupied the land. If the title was not good and could not be made good within seven months from September 11, 1920, the contract was to be void and the $1,000 refunded, but if the title was good "in my name or is made good within seven months, and said purchaser refuses to accept the same, said one thousand dollars ($1,000.00) shall be forfeited to said Martin N. Holt, subject, however, to the agreement made above as to an order from the judge of probate." Forfeiture was in no way to affect the rights of either party to specific performance.

Evidently the contract was drawn by one lacking legal knowledge. It could not have been contemplated that the title either was in the guardian or was to be made good in his name; nor that he personally should retain the $1,000, if there was a forfeiture. But assuming the parties to have meant the title to be good in the minors, and the contract made in their behalf subject to the approval of the probate court, we must search the record to discover wherein plaintiff failed to prove some material and essential allegation necessary to entitle him to the relief asked.

We think it fairly appears from the complaint that the action is not against the guardians personally, but against them in their representative capacity, for the judgment sought is to impress a lien upon the land of their wards. The land, the subject of the contract, is assumed to be owned by the minors in the complaint, which, however, contains no allegation that they did not own it. No attempt whatever was made by plaintiff to show that the minors did not have good title to the land or to point out any flaw in their title. True there is an allegation that plaintiff's attorney, in exam-

ining the abstract furnished, found some defect and that defendants admitted that one existed. But this is denied in the answer, and the proof only goes to the extent that defendants, while denying defects, were, nevertheless, willing to satisfy plaintiff even to the extent of doing an uncalled for thing. There is no proof that plaintiff ever tendered the $5,400, or any other sum, that should be paid upon delivery of the deed. Plaintiff testified that he had made arrangements at a bank for the money, but this testimony is so vague that the court was not bound to accept it as a fact. The payment of the money and the delivery of the deed were clearly concurrent acts. The burden was on plaintiff to prove that default or breach of the contract had occurred on the part of the vendors. The sale was to be approved by the probate court. Plaintiff did not even prove or offer to prove that the probate court had authorized the sale. Unless it had, this action against the guardians in their representative capacity can hardly be sustained. Richardson v. Kotek, 123 Minn. 360, 143 N. W. 973; Amundson v. Hanson, 150 Minn. 287, 185 N. W. 252. The facts above alluded to as not proven were all essential and material to granting plaintiff the relief he asked.

Defendants alleged a modification of the agreement to the effect that plaintiff, being unable to raise the $5,400 cash payment, would be allowed to pay $1,400, give back a purchase money mortgage for $4,000, and receive the deed, the instruments to be recorded, and defendants then to cause the title to be quieted in plaintiff's name by action. The reply denied this. There is evidence of proposals as to such an arrangement, but it has not been carried into effect, and no binding agreement for a modification was ever made. The most that can be claimed for the negotiations is that there has been a waiver of the provision in the contract that time should be the essence thereof.

There appears another insuperable objection to granting plaintiff relief in this action on the proof submitted. As stated, defendants are sued as guardians of the minors named, and a lien is sought to be enforced against the land of the minors for the money paid and improvements made. We know of no law under which lands of

minors may be thus encumbered, affected or taken away through the unauthorized acts of the guardians. The contract concededly was made without sanction from the probate court. It therefore did not bind the minors. And no judgment for its breach, or for the consequences of its rescission could attach to the estate of the minors.

The action was not brought or tried on the theory that the guardians were bound personally since they did not bind the minors. But even if it had been, we apprehend plaintiff would have had to prove that the minors were not bound, that is, that the probate court had refused to authorize the sale.

We do not consider any serious errors occurred in the trial of the case. Plaintiff remained in possession of the land; he raised some objections to the title; he appeared to be desirous of concluding the deal on other terms than those named in the contract; defendants were trying to accommodate him. What both sides did in that direction by mutual consent tended to show that there was a waiver of time. Defendants had deeds prepared and a mortgage and note in accordance with what was deemed the mutual understanding upon which the deal was to be consummated. It is evident that, if plaintiff desires the land, he may still obtain it for the price agreed on. The inference from the recital in the guardians' deeds received in evidence is that the probate court on June 15, 1921, did approve of the sale. Plaintiff has had undisturbed possession of the land since the contract was made in September, 1920, and, unless there be some substantial, incurable flaw in the title, there appears no valid reason for rescission now.

The judgment is affirmed.