## FRED YENNIE v. ESTHER SLINGERLAND.[1]

January 2, 1925.

No. 24,450.

**Defendant bound by adverse decision from which she did not appeal.**

> In an action to quiet title, where the summons was served by publication and judgment entered quieting title in the plaintiff, and the defendant, through whom plaintiff claims title, was known to have died, leaving heirs and devisees, who were not made parties, appellant, being one of them, subsequently appears in the action and asks to have the judgment opened as to her with leave to answer and defend upon the grounds of mistake, inadvertence, and excusable neglect, the decision is adverse to her and she fails to appeal therefrom, the judgment becomes binding against her.

Action in the district court for Dodge county to cancel a mortgage. The case was tried before Senn, J., who ordered judgment in favor of plaintiff. From an order denying her motion for a new trial, defendant appealed. Affirmed.

*H. J. Edison,* for appellant.

*D. C. Sheldon,* for respondent.

QUINN, J.

On March 19, 1907, John A. Campbell gave Tennis S. Slingerland a mortgage for $122 on a tract of land which he owned in Dodge county. The note secured by the mortgage became due November 1, 1907. Slingerland died January 28, 1914. George N. Norton and E. L. Slingerland were appointed executors of decedent's will and the estate was probated without any particular delay. There were several heirs and beneficiaries residing in the county. All of the parties referred to were old and well known residents of the county. In November, 1915, the executors assigned the mortgage mentioned to the defendant herein, which assignment was duly recorded.

In October, 1909, Campbell sold and conveyed the land, by warranty deed, with covenant against encumbrances, to Mark W. Campbell, which deed was duly recorded. In March, 1914, Mark W.

[1]Reported in 201 N. W. 605.

Campbell sold and conveyed the premises by warranty deed, with covenant against encumbrances, to the plaintiff, Fred Yennie, which deed was duly recorded. Thereafter, Yennie, learning that said mortgage was not satisfied of record, brought an action in the district court of Dodge county for the purpose of having all adverse claims in and to said land determined, and the title thereto quieted in him, as provided by section 8060, G. S. 1913. Proceedings were had and service was made, as provided for in section 8061, G. S. 1913, and thereafter such proceedings were had that judgment was entered and docketed in Dodge county and a certified copy thereof recorded in the office of the register of deeds of said county, on January 30, 1915. In February, 1922, defendant commenced proceedings to foreclose said mortgage by advertisement, whereupon plaintiff brought the present action to have said mortgage canceled and satisfied of record and to enjoin the defendant from foreclosing the same, upon the ground that the mortgage had been paid and because the defendant was estopped to make any claim under said mortgage because of laches, and because of the judgment of January 30, 1915.

The judgment, to quiet title in plaintiff, adjudged him to be the owner in fee of the premises and quieting and confirming the title thereto in him and barring and excluding the defendants named, and all other persons unknown claiming any title or interest in the land, from all right, title, estate, lien or interest therein. On June 23, 1922, the defendant herein appeared in the action to quiet title, with her attorney, filed a proposed answer, with certain affidavits, and moved to have the judgment therein opened, and for leave to defend, upon the ground that said judgment was entered through her mistake, inadvertence, surprise and excusable neglect. Upon a full hearing, the motion was, on August 24, 1922, denied by the court. No appeal was taken from such order.

When the action to quiet title was commenced, the plaintiff and his attorney knew that Tennis S. Slingerland, one of the persons named as a defendant therein, was dead. They knew he left heirs and devisees. They knew appellant was one of them. They did not name any of these persons as defendants. To hold that the judg-

ment was good against them, it was necessary to make known persons "unknown." The judgment as to them including appellant, was void on direct attack. Later, however, appellant appeared in the action, submitted to the jurisdiction of the court, and asked to have the judgment vacated and set aside as to her. The decision was adverse. It was wrong. By reason of her failure to appeal therefrom, it became binding upon her. This precludes her from prevailing in this action.

Affirmed.