[1] Reported in 292 N.W. 185.
Appellants (we shall hereafter refer to them as plaintiffs) have appealed from an order modifying a prior one which had set aside defendant's appointment as a cotrustee of the assets of a reorganized bank. By the modifying order defendant was authorized to prosecute to final judgment an action then pending in Ramsey county wherein defendant is plaintiff and the present plaintiffs and others are defendants. The bringing of that action had theretofore been specifically authorized by the court.
There are many motions, countermotions, affidavits, and orders appearing in the record. We gather from all of these the following facts:
During the bank holiday, March, 1933, the First State Bank of Sauk Centre found itself in financial difficulties. Upon application of the directors thereof the commissioner of banks had declared it to be in the process of reorganization, having approved a plan in that behalf. This included a depositors' reduction agreement which created the trust here involved, its purpose being to liquidate the trusteed assets of the bank for the use and benefit of depositors whose deposit claims had been written down to the extent of 55 per cent.
Pursuant to the plan of reorganization and in accordance with the statute, the district court of Stearns county on May 19, 1933, assumed jurisdiction of the trust and appointed plaintiff Cooper, an officer of the bank, as trustee and liquidating agent without compensation. He duly qualified and has since continued to so act, also continuing his official connection with the reorganized bank. In February, 1939, after a week's published notice in the St. Cloud Times-Journal, that court appointed defendant Rien a cotrustee. Plaintiffs in the present proceeding are seeking to get rid of him upon the theory that the court had no jurisdiction to appoint him. The basis therefor is that the published notice did not accord with the requirements of the trust agreement in respect thereof; hence, so they assert, the appointment was void or, at any rate, voidable. So far as here material the agreement provides: *Page 594 
"I hereby waive any and all notice of hearing on the petition for appointment of such liquidating agent or agents save and except one publication of such notice, at least seven days before the hearing, in a legal, newspaper issued and published in the City of Sauk Centre, where said bank is situated, or if none therein, then in any legal newspaper in Stearns County, Minnesota."
That there was a legal newspaper published at Sauk Centre during this time is conceded.
After his appointment and qualification Rien began certain actions in behalf of the trust. The most important case, so we gather from the record, is one brought by Rien against his cotrustee, Cooper, and many others. In September the present plaintiffs, beneficiaries under the trust, petitioned the court for the removal of Rien on the ground that the stipulated notice to have him appointed had not been given; that he was incompetent, had dissipated the trust fund by prosecuting actions which, under the trust agreement, neither he nor any other trustee had authority to prosecute. On October 27 the court entered an order vacating and setting aside Rien's appointment and ordered him and Cooper as cotrustees to file a complete interlocutory account and to report all of their doings as such trustees. Upon Rien's application to reëxamine this matter, the court on December 20 ordered a modification of its former order by directing him to prosecute certain actions then pending in behalf of the trust. Plaintiffs then sought a modification of the last mentioned order, special reference being had to the cause brought by Rien against the plaintiffs and others then pending upon issues duly made in Ramsey county. That order was denied, the court being of opinion that:
"In view of all the proceedings hereinbefore had, I feel that the action ought to be disposed of without any further orders herein that might interfere with the final disposition of the case in the court where it is pending." *Page 595 
As we have seen, the appeal is not from that order but from that of December 20.
Plaintiffs seek reversal upon the grounds that:
"1. In the absence of the notice required by the trust agreement, could Rien be authorized to act as a trustee for any purpose? And
"2. Even if properly appointed, could Rien, as trustee, be authorized to maintain the Ramsey county action, which appellants claim to be beyond the scope of the trust?"
The bank reorganization act (L. 1933, c. 55, 3 Mason Minn. St. 1940 Supp. §§ 7690-10 to 7690-20) provided the procedural steps to be taken for the reorganization and rehabilitation of unsafe state banks. During reorganization "all the remedies at law or in equity of any creditor or stockholder for the enforcement of any claim against such bank shall be suspended and the statute of limitations against such claims or rights shall be tolled during said period." (Id. § 2.) Consent of at least two-thirds of the unsecured holders of liquidated claims against the bank had to be secured. (Id. § 3.) The plan of reorganization when and as approved by the commissioner provided that there be placed "in the hands of a liquidating agent or agents, * * * the non-liquid assets of the bank to be held and liquidated for the benefit" of its creditors existing "at the beginning of the period of reorganization in accordance with their respective rights and priorities, if any, and thereafter for the benefit of the reorganized bank." (Id. § 4[a].) By L. 1933, c. 259, § 1 (3 Mason Minn. St. 1940 Supp. § 8100-11) provision was made for the appointment of trustees. Under it "any person appointed as trustee of an express trust * * * or upon petition of any beneficiary of such trust, the district court of the county wherein such trustee resides or has his place of business, shall consider the application to confirm the appointment * * * and specify the manner in which he shall qualify. Thereafter such district court shall have jurisdiction of such trust as a proceeding in rem." *Page 596 
No one questions the validity of the proceedings had in respect to the establishment of this trust and the appointment of Mr. Cooper as trustee and liquidating agent thereof. The court's jurisdiction of the trust "as a proceeding in rem" is unquestioned. Rather, the appointment of Mr. Rien as cotrustee is the thing challenged by plaintiffs, and this upon the sole jurisdictional ground of lack of adequate published notice prior to his appointment. It is well to note that each creditor depositor by his reduction agreement consented to "waive" all further notice in respect to the appointment of "such liquidating agent." There was no attempt made to limit the powers of the court in respect to the res under its jurisdiction. When the petition for Rien's appointment came before the court it ordered service of notice by publication in due form except, perhaps due to inadvertence, a paper published at the county seat was designated instead of the Sauk CentreHerald. At most the appointment was irregular. Nothing about the procedure had goes to the jurisdiction of the court. We think the irregularity, if such it may be called, did not deprive the court of the jurisdiction granted under the statute and the agreement as well. If Rien was not an officer de jure, he clearly was an officer de facto.
The next question presented is whether the court had authority to limit its prior order in respect to giving Rien the right to continue the Ramsey county litigation. Once it is granted that the court had jurisdiction of the res and of the persons of its trustees, its power to limit its prior order is clear. Judicial discretion was called into play. We are of the view that the discretion so possessed was not abused.
In passing it is not inappropriate to remark that the Ramsey county case was started many months before the present proceeding to oust Mr. Rien was commenced. The case was at issue and is still pending there. By its order of December 20 the court in so many words approved of its prior direction for the commencement of the suit and that it proceed to judgment. The only effect of the court's amending order was to limit Rien's authority *Page 597 
as cotrustee to that of proceeding to judgment with the suit which he had been instructed to commence by the court's prior order.
As the action is now pending in a court of competent jurisdiction and as the present proceeding is virtually an attempt to do away with Rien as plaintiff in that case, we think that court should be allowed to proceed. If that cause had remained for trial in Stearns county, where it was originally commenced, lack of authority on Rien's part, or any other defensive issue available to defendants therein, would be open to them. Whatever rights and remedies the present plaintiffs have as defendants in that case are still open and available.
Order affirmed.