HATTIE BALTRUSCH v. CITIZENS STATE BANK, NEW ULM.[1]

October 10, 1941.

No. 32,811.

[1]Reported in 300 N. W. 201.

78

*Jesse A. Schunk,* for appellant.

*Flor & Reim,* for respondent.

GALLAGHER, CHIEF JUSTICE.

In a suit to recover the amount of money plaintiff had on deposit in defendant bank on March 4, 1933, the trial court directed the jury to return a verdict for plaintiff for $1,574.93, one-half of the amount claimed by her. Plaintiff appeals from the judgment entered on the verdict.

Defendant bank closed on March 4, 1933, by reason of an executive order issued on that date. It later reorganized under a plan authorized by L. 1933, c. 55, as amended by *Id.* c. 277, Mason St. 1940 Supp. §§ 7690-10 to 7690-20, and approved by the commissioner of banks. The plan provided for a 50 per cent reduction of deposits and unsecured claims except those preferred by the act. It also provided for a reduction of surplus by $80,000 and of undivided profits by $24,576.04. The capital stock amounting to $100,000 was not to be reduced. All questionable assets and all previously charged-off assets of the bank were to be transferred to a trust fund to be administered by a liquidating agent, under the supervision of the court, for the benefit of the depositors whose accounts were reduced. The stockholders were to pay an assessment of 50 per cent of the par value of their stock, $35,000 of which was to be paid into the bank to augment its assets. The remainder of the assessment, represented by the promissory notes of the stockholders, was to be placed in the trust fund. More than 66 2/3 per cent of the depositors agreed to the plan before it was approved by the commissioner and put into operation. Eventually 98 per cent of the depositors agreed to it. Plaintiff did not consent to the plan.

This appeal presents two questions: (1) Do the provisions of L. 1933, c. 55, as amended by *Id.* c. 277, impair the obligation of contract so as to conflict with Minn. Const. art. 1, § 11; and (2) if not, did the plan of reorganization as approved by the commissioner comply with the law?

■ This court disposed of the first question in Timmer v. Hardwick State Bank, 194 Minn. 586, 261 N. W. 456. Plaintiff fails to distinguish between a law impairing a contract and one which simply changes a remedy for its enforcement. The statute here involved does no more than change the method of liquidation. Doty v. Love, 295 U. S. 64, 55 S. Ct. 558, 79 L. ed. 1303, 96 A. L. R. 1438.

■ Plaintiff's main objection to the plan is that the valued assets of the reorganized bank were used in part to create its capital stock structure. She contends that L. 1933, c. 55, as amended by c. 277, does not permit such application of the bank's assets. Section 3 (§ 7690-12) of the act provides:

"Sec. 3. During said period of reorganization said bank may be reorganized in accordance with a written plan approved in writing by the Commissioner of Banks and by the owners of not less than sixty-six and two-thirds per cent. (66 2/3%) of the total amount of deposits of, or unsecured liquidated claims against said bank after deducting from said deposits or unsecured liquidated claims any legal off-sets thereto, deposits entitled to priority of payment, deposits or claims which cannot be reduced without an order of the Court, and deposits of the United States, of the State of Minnesota, and of the counties, cities, villages, boroughs, townships and school districts of said state.

"Upon such approval being obtained the Commissioner of Banks shall declare the plan of reorganization effective as of a date to be fixed in said declaration. Those depositors and unsecured creditors not approving such plan shall nevertheless be subject to the plan and bound thereby to the same extent and with the same effect as if they had approved it."

80

Section 4 (§ 7690-13) of the act provides:

"Sec. 4. Such plan of reorganization may contain any or all of the following provisions:

"(a) placing in the hands of a liquidating agent or agents, corporate or individual, of the non-liquid assets of the bank to be held and liquidated for the benefit of the creditors of the bank existing at the beginning of the period of reorganization in accordance with their respective rights and priorities, if any, and thereafter for the benefit of the reorganized bank. Said liquidating agent or agents shall be appointed and act under the jurisdiction of, and report to, the District Court of the County wherein said bank is located. The expenses of said liquidating agent or agents shall be paid from the assets in its, his or their possession.

"(b) reducing the amount of the debtor liability of the reorganized bank to depositors and unsecured creditors existing at the beginning of the period of reorganization to a sum equivalent to the then market value of the assets of the bank carried forward into the reorganized bank and, with the written consent of the depositor or unsecured creditor, limiting the time and method of withdrawal thereof.

"(c) providing that the deposit liabilities of the reorganized bank (i. e., those of old depositors carried forward as liabilities of the reorganized bank by way of reduced deposit liability and deposits arising during the period of and after reorganization) may have priority of payment over the claims of the old depositors and unsecured creditors existing at the beginning of the period of reorganization to the extent that the claims of said old depositors or unsecured creditors have been transferred to the assets in the hands of the liquidating agent or agents, and not carried forward as a liability under the plan of reorganization against the reorganized bank."

The legislature intended to give the commissioner of banks a wide discretion in approving or disapproving a plan of reorganization submitted to him. The reasons for and the advantages of the

law were clearly pointed out by Mr. Justice Julius J. Olson in Timmer v. Hardwick State Bank, 194 Minn. 586, 261 N. W. 456. Although the exercise by the commissioner of the discretion delegated to him is subject to judicial review, it cannot be overturned unless it has been abused. The rule here applicable was quoted with approval in Timmer v. Hardwick State Bank, *supra,* as follows (194 Minn. 593, 261 N. W. 460):

"He is presumed to be an impartial agent for that purpose, and to act fairly, impartially and justly. The prescribed petition being presented and acted upon by him, his action should be binding upon all the creditors, unless shown to be and set aside as arbitrary, unjust or fraudulent."

We find no abuse of the commissioner's discretion. There is nothing in the law which prohibits the plan here adopted. Reorganization without capital stock would be impossible. Here, the surplus and undivided profit accounts were materially reduced. A 50 per cent assessment was levied against the stockholders. All of the charged-off assets of the bank went into the trust fund for the benefit of the depositors whose accounts were reduced. The statutory liability of the stockholders remained. We find nothing in the record to indicate that the action of the commissioner in approving the plan was arbitrary, unjust, or fraudulent. On the contrary, it appears to have been for the best interests of all the depositors, including plaintiff.

We have examined the other assignments of error asserted by plaintiff. None require reversal.

The judgment appealed from is affirmed.