THEODORE O. PROPP v. A. J. JOHNSON AND ANOTHER.[1]

October 31, 1941.

No. 32,824.

[1]Reported in 300 N. W. 615.

*Z. L. Begin, Edward P. Totten,* and *B. H. Bowler,* for appellant.
*A. J. Volstead, Paul D. Stratton,* and *L. D. Barnard,* for respondents.

HILTON, JUSTICE.

Action for breach of contract in which plaintiff appeals from an order denying a motion for a new trial. Defendants are trustees of certain assets of the Granite Falls Bank, which at the time here important was being reorganized under the laws of this state. Mason St. 1940 Supp. §§ 7690-10 to 7690-20. Among the assets held by them was a quarter section of land. On July 9, 1936, defendants executed the instrument which plaintiff claims to be a contract for deed. That instrument, after reciting receipt of $100 from plaintiff, continued:

"The agreed purchase price being $7,000.00 cash to the seller, including the sellers shares of all crops as per lease with the renter for the year 1936.

"The sellers agree to furnish abstract of title to said premises, final payment to be made within thirty days from date.

"Dated this 9th day of July, 1936.

"Geo. H. Dillingham, Trustee
"A. J. Johnson,      Trustee."

The complaint alleged payment of $100 by plaintiff and full performance of all other conditions except payment of the balance of the purchase price, which was excused upon the ground that time was not of the essence. It was alleged that defendants never furnished an abstract of title and later sold the property to another.

The answer pleaded, as defenses to the action, nonpayment of the balance, inconsistent oral agreement, and failure of the district court to approve or confirm the proposed sale. The reply denied all allegations of the answer and alleged that at the time the contract was executed plaintiff did not know whether defendants acted as individuals or as trustees.

Defendants moved for judgment on the pleadings. Upon the ground that no adequate excuse was pleaded for retention of plaintiff's $100, this motion was denied. However, on the merits of the complaint, the judge before whom the motion was heard ruled that, there being no approval or confirmation of the sale by the court, the defendants were not bound by the contract.

When the case came up for trial, objection was made and sustained to any evidence of or reference to the merits of the claim for breach of contract. A verdict was directed for plaintiff for the $100. In sustaining objection to any evidence upon the merits, the trial judge relied upon the previous order in which plaintiff's case was said to lack merit because there had been no court approval of the proposed sale. Motion for new trial being denied, the case comes here for review.

■ We first consider whether there was need for approval or confirmation by the district court of the proposed sale. Although the depositors' agreement by which the trust was created conferred upon the trustees broad powers of disposition over the assets in the trust "without first making application for the court's approval," that phrase was omitted from the order of the district court by which defendants were appointed and their powers prescribed. Instead, that order specifically required the

defendants "to hold and liquidate the assets under the direction of the court."

The reorganization of state banks beset by financial difficulties authorized by *Id.* §§ 7690-10 to 7690-20, is a method of liquidation which is designed to prevent complete financial disintegration. Timmer v. Hardwick State Bank, 194 Minn. 586, 590, 593, 261 N. W. 456. To that end, provision is made for scaling down depositor and creditor liabilities. Nonliquid assets may, if the plan of reorganization so provides, be set apart as a trust fund and administered by a liquidating agent on behalf of creditors. *Id.* §§ 7690-12, 7690-13. The latter section, which authorizes this method, contains the following provision:

"Said liquidating agent or agents shall be appointed and act under the jurisdiction of, and report to, the district court of the county wherein said bank is located."

When it is considered that even the commissioner of banks, who has broad discretionary powers as respects liquidation of distressed banks (see Timmer v. Hardwick State Bank, 194 Minn. 586, 593, 261 N. W. 456) must submit all sales of property, real and personal, to the court for approval (see Mason St. 1927, §§ 7689, 7690-4), it will be seen that by the provision above quoted the legislature intended to impose similar restriction upon persons appointed as liquidating agents under § 7690-13. The practice of the commissioner is so fixed in this state that it has become a matter of court rule. District Court Rules, Part I, Rule 5 [175 Minn. xxxix]. Certainly a provision of the depositors' agreement cannot override restrictions imposed by the legislature. See Baltrusch v. Citizens State Bank, 211 Minn. 77, 300 N. W. 201. *Cf.* In re Trust for Depositors of First State Bank, 207 Minn. 592, 292 N. W. 185. We think it clear, both by statute and the order appointing them, that defendants were required to get court approval of their contracts for sale of real estate before they were binding. Once approved, however, they, like the commissioner of

banks, would have been bound by the contract. State Bank of Good Thunder v. Bryson, 195 Minn. 243, 262 N. W. 561.

■ Plaintiff next contends that, if court approval was necessary, defendants took no steps whatsoever to obtain that approval and cannot now plead their own default as justification for invalidating their contract. In this connection it should be remembered that it was not alleged that plaintiff, either before or after the 30-day period, tendered the balance or manifested a willingness to fulfill his obligations under the contract. In face of this, were the defendants required to seek court approval for this proposed sale?

The trustees were charged with the responsibility of liquidating the assets embraced in the trust fund. This was to be done with all reasonable dispatch so as to minimize any further delay in the payment of just claims. While they act under and subject to the jurisdiction and supervision of the district court, they are not required to seek the approbation of the district court upon specific measures until negotiations have gone past the initial stage of good faith into the final stage of performance. Cf. Harmer v. Holt, 157 Minn. 102, 106, 195 N. W. 637. Good sense militates against the suggestion that defendants were required to get approval of the sale to plaintiff when they never had reason to believe that plaintiff would ever perform. Before they asked the district court for approval of any proposed sale, they wanted to have a prospect who had all the qualifications of a ready, willing, and able purchaser. From all that appears in the complaint, the defendants never had reason to believe that plaintiff was such a person.

■ The last rule which plaintiff invokes in support of his claim is the one which holds a trustee personally liable on contracts unless personal liability is contracted against. See 6 Dunnell, Dig. & Supp. § 9928a. However, the complete answer to this proposition is that any contract that was made was subject to the approval of the district court before it was binding. There being no manifestation of intention to the contrary, the parties contracted with reference to the existing rules and principles of law appli-

164

cable to the subject matter. Wm. Lindeke Land Co. v. Kalman, 190 Minn. 601, 252 N. W. 650, 93 A. L. R. 1393; Haugen v. Sundseth, 106 Minn. 129, 118 N. W. 666, 16 Ann. Cas. 259. One such rule required approval by the district court of any contracts made by the trustees for disposition of the trust assets. Application of the rule advanced by plaintiff would mean that the defendants, under penalty of personal liability, were required to seek court approval of the proposed sale to plaintiff at a time when they had no reason to believe that he would ever go through with the transaction. As indicated above, this they were not obliged to do. Furthermore, the allegations of the complaint are conclusive against the contention that the action was against the defendants in their personal capacities.

Order affirmed.

MR. CHIEF JUSTICE GALLAGHER, being engaged on the pardon board, took no part in the consideration or determination of this case.

[1]Reported in 300 N. W. 617.