Weed *v.* Keenan.

## JAMES S. WEED *v.* J. A. KEENAN.

*Water Course and Water Rights. Prescription. Evidence.*

1. A prescriptive right is as perfect, and has the same validity and force, as one acquired by grant; and its owner cannot be divested of it by his words or acknowledgment.

2. In an action for flowing the plaintiff's land, the defendant claimed a prescriptive right; and it appeared that several years after the permanent structure of his dam had been built, he used a flash-board on it for the purpose of storing water; that the plaintiff's evidence tended to prove that defendant within fifteen years asked a former owner of the land for a license to raise a dam; that one question was whether the conversation as to the license related to the main dam or the flash-board; that the court instructed the jury that, if it related to the dam, and that if the defendant had gained a prescriptive right as to this, he could not be divested of it by what he might say, but if it related to the flash-board, which was first put on only thirteen years before, that it was an acknowledgment of the superior right of the owner of the servient estate and would rebut the presumption of a grant; that the jury returned a verdict for the plaintiff; and, on inquiry by the court, stated that the damages were given in consequence of the flash-board; *Held,* that the result was logical and the verdict valid.

CASE for flowing the plaintiff's land above the defendant's mill-site on the same stream. Trial by jury, Orange County, June Term, 1886, ROWELL, J., presiding. Verdict for the plaintiff to recover $40.00 damages. It appeared, that the plaintiff purchased his premises of Robert Carruth and his brother; that defendant's evidence tended to prove that he bought his mill property in 1857 and soon after built his present dam across the stream where an old dam had formerly

stood ; that he·made the permanent structure of the dam eight feet high ; that in 1867 he began for the first time to use the flash-board eight inches wide on his dam for the purpose of storing the water ; that he used the flash-board not more than six days in a year, on the last of April or first of May. Carruth testified that defendant's conversation with him as to the dam was in June. The other facts are sufficiently stated in the opinion.

*Smith & Sloan*, for the defendant.

To rebut the presumption of a grant, it must appear that the acknowledgment is in regard to the very right which the party prescribes for, or if that question is doubtful, it must be submitted to the jury. *Tracy* v. *Atherton*, 36 Vt. 503, 520. It is apparent that the parties were not talking about the flash-board, or the defendant's right to use it in April or May ; for the talk was in June.

It is equally apparent that the defendant might well ask leave to raise his·dam in June, or to raise it two feet, or for any further use than he had been accustomed to have, for he has never claimed any right *beyond* what he has occupied. And yet such an asking is not inconsistent with the defendant's having the limited right to use the flash-board, and not being inconsistent, cannot rebut the presumption of a grant.

Neither was such asking inconsistent with Carruth's knowledge of such annual custom and of his acquiescence therein.

A grant may be made of a limited right, or for a particular purpose, and the grantee's right to use would be co-extensive with his grant. *Shrewsbury* v. *Brown*, 25 Vt. 197.

The utmost that can be claimed from the evidence is, that it is evidence *tending* to show that the defendant was not using the flash-board under a claim of right ; and when the court told the jury that any asking of leave to raise the dam was conclusive to rebut any presumption of a grant, it was error.

Before that evidence as matter of law could rebut the presumption of a grant, it must be found as matter of fact that the defendant conceded that he had no right to what he had been exercising; and yet, the court, without leaving that question at all to the jury, told them that any asking of leave to raise the dam would rebut the presumption, and interrupt the right to use the flash-board, leaving the jury nothing to do but to say whether or not any such talk occurred. 3 Stark. p. 1228.

The sole ground for such evidence being received to rebut the claim of a prescriptive right is that it is inconsistent with such claim. *Watkins* v. *Peck*, 13 N. H. 360; *Hogg* v. *Wallace*, 8 Foster, 547; *Arbuckle* v. *Ward*, 29 Vt. 43; *Tracy* v. *Atherton, supra*.

*R. M. Harvey,* for the plaintiff.

The plaintiff's evidence tended to show that defendant's main dam had been raised from time to time since it was built in 1857, and so the charge was more favorable to the defendant than what he was entitled to, by restricting the effect of Carruth's license to the flash-board.

If the defendant did ask leave of Carruth, who then owned the plaintiff's land, to raise his dam above the eight feet, and thereby acknowledged a superior right in Carruth, then the court said, such an asking, such an acknowledgment, would rebut the presumption of a grant, and interrupt the acquiring of the right to use the flash-board. In this there was clearly no error. *Mitchell* v. *Walker*, 2 Aiken, 266; *Arbuckle* v. *Ward*, 29 Vt. 43; 2 Wash. Real Prop. 321, 325; *Watkins* v. *Peck*, 13 N. H. 360; *First Parish in Medford* v. *Pratt*, 4 Pick. 222; *Flora* v. *Carbeau*, 38 N. Y. 111; *Smith* v. *Miller*, 11 Gray, 148; *Sargent* v. *Ballard*, 9 Pick, 251, 255; *Wilder* v. *Wheeldon*, 56 Vt. 344; *Albee* v. *Huntly*, 56 Vt. 457; *Willey* v. *Hunter*, 57 Vt. 479; *Partch* v. *Spooner*, 56 Vt. 583.

The opinion of the court was delivered by

ROYCE, Ch. J. We find no error in the charge. The jury were told, in regard to the conversation in evidence between the defendant and Robert Carruth, when defendant asked leave to raise the water or the dam, that if before that time the defendant had acquired the right by prescription to keep his original dam at the height he had kept it, that that prescriptive right would have become so perfected and completed in him by the lapse of the requisite period of fifteen years, that nothing he could say, no acknowledgment he might make, could take away from him that right which had in such way become vested in him. There can be no doubt as to the correctness of the instruction. A right acquired by prescription is in all respects as perfect as one acquired by grant; it has the same validity and force. *Arbuckle* v. *Ward*, 29 Vt. 43 ; 3 Wash. Real Prop. (5th ed.) p. 59.

It is claimed, however, that the instruction of the court had effect to take away from the jury the decision of the question whether what was said on this occasion between the defendant and Carruth had reference to raising the permanent structure of the dam or to the use of the flash-boards. We do not so understand it. It was not made to appear that the permanent structure of the dam was raised above the eight feet, the prescriptive height; and the jury were told in substance that if the conversation had reference to any raising of the dam within the limit of the prescriptive height, then it amounted to nothing ; for no acknowledgment on the part of the defendant could divest him of that already vested right. "So in that event," the court said, "whatever passed between Carruth and the defendant would have reference to only the flash-board." In other words their talk either had reference to the raising of the dam by the use of the flash-boards above the eight feet, the height of the original structure, or it amounted to nothing.

Then the jury were further told that if the conversation had reference to the use of the flash-boards, then it was an acknowl-

edgment of a superior right in Carruth, and that "such an asking of leave, such an acknowledgment, would rebut the presumption of a grant, and interrupt the acquiring of any right to use that flash-board on the part of the defendant." There can be no doubt of this. *Mitchell* v. *Walker*, 2 Aiken, 266; *Wilder* v. *Wheeldon*, 56 Vt. 344. Authorities might be multiplied on this point, but there is no need of further citations.

Finally, in summing up, the jury were told that it was important for them to determine precisely what transpired between the parties, and whether it amounted to an acknowledgment on the part of the defendant of the superior right of Carruth, remembering that if the defendant had acquired by prescription the right to keep his eight-foot dam, whatever he said could not take away that right, but that if what transpired was during the time that he claimed to have acquired the right to keep his flash-board, which he commenced to put on in 1867, as this conversation was thirteen years ago, he had not acquired the right by prescription as touching the flash-boards. Then the jury were instructed to state in their verdict, if it should be for the plaintiff, whether it was rendered because of the permanent structure overflowing the land, or solely on the ground of the use of the flash-board. The foreman informed the court that the damages were given in consequence of the use of the flash-board. To have reached this result the jury must have made up their minds that the conversation between the defendant and Carruth had reference to the use of the flash-boards, and then following the instructions of the court that such an acknowledgment of a superior right in Carruth would rebut the presumption of a grant, they found that the defendant had not acquired the prescriptive right he claimed to the use of the flash-boards, and so made up their verdict. The result was logical and should not be disturbed.

Judgment affirmed.