## JOSEPH H. JEURISSEN AND ANOTHER v. WALTER C. HARBECK AND OTHERS.

127 N. W. (2d) 437.

March 26, 1964—Nos. 39,096, 39,097.

*John A. Fahey,* for appellants.
*J. A. Coller II,* for respondents Thielen.
*Lindmeyer & Lindmeyer,* for respondents Harbeck and Davies.

PER CURIAM.

Appeal from an order of the district court dissolving a temporary injunction and dismissing plaintiffs' cause of action instituted on the theory that they had acquired a prescriptive easement over real estate owned by defendants. The order is based upon the grounds: (1) That plaintiffs failed to prosecute the action and to bring it on for trial; (2) that no justiciable controversy is presented; and (3) that the proceedings are barred by a judgment entered in an action to quiet title.

We do not find support in the record for the order of dismissal.

1. Plaintiff Joseph H. Jeurissen avers that the action which was commenced May 25, 1961, was placed on the district court calendar "but that

it has never been called for trial to his knowledge and that he is ready and willing to have the matter tried by the court at any time." A case of the type here involved should not be dismissed by the court for want of prosecution unless it has first been called for trial. Nyberg v. Cambridge State Bank, 245 Minn. 312, 72 N. W. (2d) 345.

2. An agreement dated September 15, 1959, reads in part as follows:

"* * * [T]he parties of the first part [defendants Harbeck and defendants Thielen] hereby grant unto parties of the second part [Joseph H. Jeurissen and others] an easement and right of way for a period of one year from the date hereof over the existing roadway above described. The parties of the second part further agree with the parties of the first part that in consideration of said one year easement and right of way that they will pay all the costs of maintenance of said roadway * * *."

This agreement pertains to the easement here involved but does not conclusively establish that the Jeurissens acknowledged a superior right on the part of the defendants within the prescriptive period. The affidavit of Joseph H. Jeurissen dated June 7, 1961, reflects that in 1943 he took over his predecessor in title's right to the dominant estate and claim to the easement and has not abandoned it. See, Watkins v. Peck, 13 N. H. 360, 40 Am. D. 156; Weed v. Keenan, 60 Vt. 74, 13 A. 804; Bridle Trail Assn. v. O'Shanick (Mo. App.) 290 S. W. (2d) 401; 28 C. J. S., Easements, § 13(f), notes 65 to 68.

3. Defendants Robert G. Thielen and Eleanor M. Thielen obtained a judgment entered November 6, 1953, by the terms of which they are declared to be the sole owners in fee of some of the real estate traversed by plaintiffs' claimed prescriptive easement. Although the judgment there concludes that the defendants "have no right, title, estate, interest, lien, claim or demand in and to the above described real estate or any part thereof," and the judgment by its terms is effective against the defendants named and "all other persons unknown claiming any right, title, estate, lien or claim in and to the real estate described in the complaint," neither of the plaintiffs here were named as defendants in the action to quiet title and, on the record before us, cannot be regarded as "persons unknown" in view of the affidavit of Joseph H. Jeurissen dated March 14, 1963, in which he avers that "at the time of the commencement of said action he was openly and continuously asserting his rights to the roadway in question, and that the said defendants knew of his constant and continuous use of the said roadway, along with other numerous individuals, and that despite this knowledge on the part of the said defendant, the plaintiff was not made a party to the action referred to." See, State Bank, by Benson, v. Bryson, 195 Minn. 243, 262 N. W. 561; Dewey v. Kimball, 89 Minn.

454, 95 N. W. 317, 895, 96 N. W. 704; Killian v. Hubbard, 69 S. D. 289, 9 N. W. (2d) 700, 146 A. L. R. 708; Manuel v. Kiser, 94 Cal. App. (2d) 540, 210 P. (2d) 918; Christmas v. Cowden, 44 N. Mex. 517, 105 P. (2d) 484; Annotation, 146 A. L. R. 713; 74 C. J. S., Quieting Title, § 50(b).

The order of the trial court is reversed, and the matter is remanded to the district court for further proceedings.

Reversed.