**KAUFMAN'S OF KENTUCKY, Appellant,**

**v.**

**Ethel WALL, Appellee.**

Court of Appeals of Kentucky.

Nov. 6, 1964.

100%. The board reviewed the report but declined to give it such a construction.

Lively M. Wilson, Stites, Peabody & Helm, Louisville, for appellant.

Ben Mazin, Harry L. Hargadon, Louisville, for appellee.

STEWART, Judge.

This appeal involves the question of whether a discharge in bankruptcy, under the circumstances herein mentioned, defeats the right to a set-off interposed to diminish a recovery sought for damages due to an alleged injury following an accident.

The facts, which are not in dispute, show that appellee, Ethel Wall, came into the store in Louisville of Kaufman's of Kentucky, appellant herein, on November 10, 1961, ostensibly to do some Christmas shopping. As she was leaving she caught her heel in an open electrical outlet in the floor and allegedly injured her back. The next day when she called appellant to assert her claim of personal injury and to inquire if it was interested in settling her claim she was told no consideration would be given to her demand. Within a period of some 30 to 60 days subsequent to the accident she ran up an account with appellant in the amount of $1157.01.

Appellee instituted an action against appellant on January 26, 1962, for damages growing out of the mishap. On March 7, 1962, after filing this action, which was after the indebtedness alluded to had been incurred, appellee filed a petition in bankruptcy. She listed her cause of action against appellant as an asset of her estate and the indebtedness she owed appellant as a liability. She was permitted to, and did, prosecute this cause of action in her own name following her discharge in bankruptcy, which latter event occurred September 24, 1962.

By an appropriate pleading in this action, appellant sought to set off the amount of the indebtedness appellee had incurred against any recovery she might receive. Appellee admitted the amount of the debt but pleaded her discharge in bankruptcy as a bar to its allowance as a set-off.

On March 20, 1963, appellee obtained a verdict of $2000. The trial court decided as a matter of law that appellant was not entitled to any credit on the judgment. This appeal is from the judgment refusing to allow the set-off.

Appellant does not contend it could in a separate action recover $1157.01 from appellee for the reason that the discharge in bankruptcy would effectively bar such an action, but it does contend the discharge does not prevent the use of the indebtedness as a set-off against the judgment secured by appellee. Appellant argues the discharge in bankruptcy should operate as a shield against an affirmative recovery by it, not as a sword to enable appellee to take an undue advantage of it.

So far as we have been able to ascertain the question presented has never been before this Court. Other jurisdictions, however, have given due regard to the point and have ruled, under facts analogous to those in the case at bar, that while a bankruptcy proceeding, prosecuted to a successful conclusion, may discharge a person from personal liability as to a debt listed therein, such a discharge does not prevent the creditor from using the debt as a set-off against any recovery sought by the bankrupted debtor against the creditor.

The rationale of the cases which permit a debt to be used as a set-off, even though no affirmative recovery could be had, is stated in the case of Leach v. Armstrong, 236 Mo.App. 382, 156 S.W.2d 959. In that case the plaintiff, who was indebted to his father in the amount of $1800, filed a petition in bankruptcy and the debt to his father was discharged. Later his father died and the plaintiff filed an action to enforce partition of his father's estate

and to receive a one-fourth interest therein. The three defendants, who were the other heirs, pleaded the discharged indebtedness as a set-off against any claim the plaintiff might have against the estate.

It was pointed out there that the reason and purpose of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., is to relieve from liability for debt an insolvent person who has brought himself within the purview of the Act. That court found nothing in the context of the Act that indicates any intention to create out of the debt that has been extinguished an asset that will add greater purchasing consideration to the bankrupt than he would have had if he had not taken benefit of the Act.

The Leach case decided the amount of indebtedness from which the deceased's son was relieved of liability by the bankruptcy discharge was rightfully chargeable to the son, so as to diminish or extinguish the interest which the son would have otherwise received.

A similar result was reached in the case of In Re Morgan's Estate, 226 Iowa 68, 283 N.W. 267, where the testator died after a legatee had filed a petition in bankruptcy and scheduled a debt owing to the testator, and the legatee was subsequently discharged. The sole question raised was whether the executor was entitled to set off the debt, previously discharged in the bankruptcy proceeding, against the legatee's share in the testator's estate. It was held the legatee still owed the debt to the testator's estate, although the right to enforce its payment by a direct action was destroyed by the discharge in bankruptcy.

The rule stated in the foregoing cases was adhered to in New York Credit Men's Adjustment Bureau, Inc. v. Bruno-New York, Inc., D.C., 120 F.Supp. 495, and Gill v. Richmond Co-op. Association, 309 Mass. 73, 34 N.E.2d 509. In the latter case, a judgment against the plaintiffs had been discharged in a bankruptcy proceeding, but that fact "did not prevent its use as a set-off" by the defendant against an as-

signee to whom the plaintiffs' cause of action against the defendant had been assigned.

We conclude appellant should not have been deprived of its set-off against appellee's tort claim.

Wherefore, the judgment is reversed for consistent proceedings.