MINNIE B. BREZA v. ROGER A. SCHMITZ AND ANOTHER.

233 N. W. 2d 559.

August 22, 1975—No. 45549.

*Minnie B. Breza,* for appellant.
*Farrish, Johnson, Maschka & Hottinger,* for respondents.

PER CURIAM.

Appeal from an order of the Blue Earth County District Court dismissing with prejudice a personal injury action for failure to prosecute. We reverse.

Appellant alleges she was injured in an automobile accident in October 1965. Suit was commenced in September 1971. A note of issue was served in July 1972. Problems developed in the discovery process, and appellant had difficulty retaining counsel. The court and respondents agreed to several continuances of respondents' motion to dismiss for lack of prosecution, first made in October 1973.

A hearing on that motion was held January 6, 1974, at which time appellant was represented by counsel. An order was entered directing appellant within 30 days to provide respondents with a list of her complaints resulting from the accident, the names of doctors she would call, and a brief summary of the expert testimony she intended to introduce. The court ordered that if these conditions were not met the case would be dismissed.

Her counsel responded on February 4 by listing her accident-related complaints and by stating that experts would not be called. A pretrial conference was held on April 29, 1974. The court ordered that a further hearing be held for the purpose of requiring appellant to disclose all the evidence she considered pertinent to assist the court in determining the nature of her disabilities and their relationship to the 1965 accident. The court indicated that an order of dismissal would be entertained if appellant did not proceed with the offer of proof.

The matter was heard on July 19, at which time new counsel, substituted on July 18, and former counsel appeared for appellant who was not present. Respondents moved for dismissal for failure to prosecute and for failure to comply with the court's order.

The order of dismissal reflects the court's concern that appellant may not have received notice of the change in hearing dates. On July 23, the court met with appellant, who described her injuries and the circumstances of the accident.

The court gave appellant until September 3 to accept a settlement offer, and ordered dismissal of the action with prejudice if she did not accept the offer by that date. The offer was declined and this appeal from the order for dismissal followed.

The suggestion is made by respondents that the court dismissed because of plaintiff's failure to comply with court orders. We find nothing in the record to support such grounds. The stated grounds were that "plaintiff has failed to prosecute her action."

Respondents concede that as a general rule a case may not be dismissed for want of prosecution until it has been called for trial. Jeurissen v. Harbeck, 267 Minn. 559, 560, 127 N. W. 2d 437 (1964). However, we are asked to adopt an exception in the matter before us. We see no valid reason for doing so. Because the case has never been set down for hearing on the merits at a day certain, we reverse. We direct that the matter be given priority on the jury calendar, that the parties proceed to trial whether or not plaintiff is represented by counsel, and that in the interest of justice the proceedings be brought to a prompt and expeditious conclusion.

Reversed and remanded for trial.

MR. CHIEF JUSTICE SHERAN took no part in the consideration or decision of this case.