MINNIE BREZA v. ROGER SCHMITZ AND ANOTHER.

248 N. W. 2d 921.

December 3, 1976—No. 46455.

*Minnie B. Breza,* pro se, for appellant.

*Farrish, Johnson, Maschka & Hottinger,* for respondents.

Considered and decided by the court without oral argument.

PER CURIAM.

This appeal by plaintiff, Minnie Breza, seeks reversal of a second involuntary dismissal of her personal injury action commenced September 30, 1971, arising out of an automobile accident which occurred October 10, 1965. In her first appeal, Breza v. Schmitz, 305 Minn. 537, 233 N. W. 2d 559 (1975), we held that inasmuch as the case had not been set for trial on a day certain, involuntary dismissal of her action for failure to prosecute under Rule 41.02(1), Rules of Civil Procedure, was improper.

Shortly after remand, a day certain trial date was set for October 21, 1975. At a pretrial conference, at which plaintiff appeared pro se, motions by plaintiff and defendants, Roger Schmitz and Marvin Schmitz, were heard and orally decided. An order responsive to the motions was issued October 8. Included was an order compelling plaintiff to answer defendants' interrogatories and to submit to oral deposition on October 21.

Upon plaintiff's failure to obey the discovery orders, her action, upon defendants' motion, was dismissed with prejudice pursuant to Rule 37.02(2) (c), Rules of Civil Procedure.

Despite the painstaking efforts of the trial court and defendants' counsel to afford plaintiff all possible assistance and courtesies, a review of the voluminous record unmistakably supports the trial court's findings that "[p]laintiff has wilfully and without justification or excuse" refused to comply with discovery orders and "deliberately and in bad faith, with the intent to delay the trial," continued to refuse to cooperate with the court and defendants' counsel to bring the case to a prompt and expeditious conclusion as directed by this court and thereby "forfeited her right to a trial of her case on the merits."

We have no choice but to affirm the trial court's dismissal. See, Kielsa v. St. John's Lutheran Hospital Assn. 287 Minn. 187, 177 N. W. 2d 420 (1970).

Affirmed.

MR. CHIEF JUSTICE SHERAN took no part in the consideration or decision of this case.