Gordon WILSON, Respondent,

v.

Charles M. SPILMAN, et al.,
Defendants,

Dell E. Bourke, Appellant.

No. C3–83–2050.

Court of Appeals of Minnesota.

Aug. 7, 1984.

Norris J. Skogerboe, Minnetonka, for appellant.

James R. Stuart, Aitkin, for Gordon Wilson.

Charles M. and Evelyn Spilman, pro se.

Considered and decided by POPOVICH, C.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant Bourke seeks review of the judgment, rendered after a court trial, that respondent Wilson is the fee owner of two parcels of land in Aitkin County. We affirm in part, reverse in part, and remand with instructions.

## FACTS

Respondent Wilson brought an action to determine the adverse claims of his contract vendors, the Spilmans, appellant Bourke and all other persons unknown who claimed an interest in two parcels of land in Aitkin County. The first parcel comprised approximately 4.3 acres and the second approximately 35.7 acres. Wilson testified that he bought the land from the Spilmans in 1972 on an oral contract for deed, but that no deed was executed until the land was paid for in 1974. The deed, which was recorded on August 28, 1974 and introduced as plaintiff's Exhibit 1 only contained a legal description of the 4.3 acre parcel.

The Spilmans and Wilson testified that both parcels were actually transferred and the trial court found that an attachment to the deed at the time of execution described both parcels. A copy of the deed to Wilson with attached legal description of both parcels was admitted in evidence as plaintiff's Exhibit 2.

Appellant Bourke testified that the Spilmans executed a deed to him, recorded on July 15, 1974, as security for money owed him from other real estate transactions. He testified that he knew the land was being sold by the Spilmans, that his deed

clouded the title to the land, and that he would not stop the Spilmans if they wanted to sell the property. He further testified that he intended to return the deed when the money owed by the Spilmans was paid. The trial court found that Wilson was the fee owner of both parcels, subject to other easements and reservations of record, even though the first parcel comprising 4.3 acres was deeded to Cook County by Wilson in 1977.

## ISSUE

Whether the trial court properly found that Wilson was the fee owner of both parcels of land.

## ANALYSIS

Appellant argues the judgment of the trial court should be reversed for four reasons.

■ 1. The court failed to stay the proceedings as provided by Minn.Stat. § 559.24, (1982) when it appeared that Wilson had transferred the 4.3 acre parcel to Cook County as settlement for child support arrearages. However, Minn.Stat. § 559.24 relates to actions to resolve boundary disputes and this is not a boundary dispute. Further, appellant made no motion for stay or joinder at trial. Issues not presented at trial may not be raised on appeal. *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 68 n. 2 (Minn.1979).

■ There was no dispute that Wilson executed a quit claim deed to Cook County, dated February 18, 1977 and filed on May 20, 1977. Because Cook County was not a party to the action, its interest was not determinable by the trial court. *Campbell v. Jones*, 25 Minn. 155 (1878). However, because the interest of Cook County was known to Wilson when he brought suit, that interest is not barred by the judgment that Wilson is the fee owner of both parcels. *Jeurissen v. Harbeck*, 267 Minn. 559, 560, 127 N.W.2d 437, 438 (1964).

The object of Wilson's suit was to determine the validity of Bourke's adverse claim. After determining that Bourke lacked title to both parcels, the trial court was not obliged to consider the present ownership of the smaller parcel. However, undisputed testimony showed that Wilson deeded a portion of the land to Cook County. The conclusion of the trial court that Wilson remained the fee owner of both parcels is therefore unsupported. In granting relief, the trial court should take care not to affect the interest of nonparties. *Baldwin v. Canfield,* 26 Minn. 43, 59, 1 N.W. 261, 274 (1879). The judgment should be modified to reflect the evidence; Bourke lacks title to either parcel and Wilson, who has superior title, has deeded the smaller parcel to Cook County which appears to be the present owner of the 4.3 acres.

2. Bourke contends that his deed was prima facie evidence of transfer and that the presumption of ownership was not overcome by clear and convincing evidence. However, even a deed which is absolute on its face may be construed as a mortgage if the parties intend it as mere security for the payment of a debt. *Gagne v. Hoban,* 280 Minn. 475, 479, 159 N.W.2d 896, 899 (1968). Appellant testified that the deed would be returned when the Spilmans paid the money owed him. Charles Spilman testified that he executed two deeds for other property sold to appellant and that one of those deeds lacked a legal description when he signed it. Both Spilmans testified that they never transferred either of the two parcels to appellant, even as security for a debt. After hearing the evidence, the trial court concluded that the deed to Bourke was not intended to convey the property. The findings of the trial court, made after its unique opportunity to judge the credibility of witnesses, will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. There is no evidence, other than the deed itself, that the Spilmans ever intended to transfer the property to Bourke. Instead, undisputed testimony showed that the property was sold to Wilson.

3. Appellant argues there was insufficient evidence that fee title passed to Wilson. The recorded deed to Wilson covered only the 4.3 acre parcel, but Wilson testified that he bought both the 4.3 acre and the 35.7 acre parcels for a combination of merchandise and cash paid over two years. Wilson further testified that he received a copy of the deed with an attachment describing both parcels at the time of closing. The trial court, as the trier of fact, found that the attachment was removed before the deed was filed, but that both parcels were intended to be covered by the deed. We will not disturb that finding.

4. Finally, appellant argues there was insufficient evidence to support the judgment that Wilson owned both parcels in fee. While we agree that testimony showed that Wilson deeded the 4.3 acre parcel to Cook County, there was substantial evidence of his ownership of the land prior to that deed. The Spilmans testified they sold the land to Wilson, the trial court received into evidence a record of payments made by Wilson, Bourke testified that he knew the Spilmans were selling the land, and Wilson testified that he bought the land and received the deed with an attached legal description of both parcels.

## DECISION

The factual conclusion of the trial court that Wilson purchased both properties from the Spilmans and that they never intended to convey the land to appellant is supported by the evidence. The conclusion that the fee owner of the 35.7 acre parcel is George Wilson is likewise supported by the evidence.

The conclusion that the fee owner of the 4.3 acre parcel is George Wilson is unsupported by the evidence and clearly erroneous.

The matter is remanded to the trial court, which shall enter findings consistent with this opinion.

Affirmed in part, reversed in part and remanded.