**Chester JUNAK, et al., Appellants,**

v.

**Roman JOHN, et al., Defendants,**

**First National Bank of Long Prairie, Respondent.**

No. C9–87–1977.

Court of Appeals of Minnesota.

March 15, 1988.
Review Denied May 16, 1988.

John A. Masog, Park Rapids, for appellants.

Rodger J. Johnston, Long Prairie, for respondent.

Heard, considered and decided by FOLEY, P.J., and SCHUMACHER and STONE, JJ.*

## OPINION

FOLEY, Judge.

### FACTS

On December 1, 1976, appellants Chester Junak and Geraldine A. Junak and defendants Roman John, Alice John and Roman John Implement, Inc. entered into a contract for deed for the sale of Roman John Implement, Inc. to the Junaks. The contract for deed contained a covenant not to compete. On February 16, 1978, the Johns executed a mortgage and assignment of the contract for deed to respondent First National Bank of Long Prairie.

In September 1978, the Junaks and appellant Junak Implement, Inc. commenced suit against the Johns, alleging a breach of the covenant not to compete. That suit has never been called to trial. In 1982, Junak Implement filed for bankruptcy. The business was liquidated.

On July 31, 1985, Roman filed for bankruptcy. His petition in the bankruptcy court included the lawsuit as a liability. Roman died later in 1985. On August 21, 1986, Alice commenced cancellation of the contract for deed, alleging various defaults. The Junaks asserted they were entitled to setoff of the amount claimed under their breach of covenant suit against any amounts claimed by the Johns to be due under the contract for deed.

By order of December 15, 1986, the parties briefed the question of whether the Junaks were entitled to any setoff. The trial court determined that the pending claim would not stay the cancellation proceedings. In the memorandum accompanying the order, the trial court stated:

> The matter before the Court on the present motion is to determine whether, as a matter of law, the fact that an action is pending for the recovery of damages sustained because of the breach of the covenant not to compete could be used as a stay of any prospective cancellation proceedings of the contract in default and payments due thereon.
>
> The Court finds as a matter of law that the fact that a breach of covenant action is pending does not and will not justify the enjoining of any contract cancellation proceedings.
>
> There is presently no formal motion before the court to dismiss the main action, although the Defendants' letter brief appears to request that relief and the bank's memorandum refers to the application of the Equitable Doctrine of Laches.
>
> In view of the Plaintiffs' action's vulnerability to a motion to dismiss for failure to prosecute and the speculative nature of the possibility of recovery in any event, the Defendants' motion is granted.

The trial court never actually decided the issue of setoff. Apparently on its own motion, the trial court dismissed the suit alleging a breach of the covenant not to compete. First National asserts that the trial court did not dismiss the Junaks' suit.

This order and judgment were entered July 7, 1987. The Junaks appealed.

### ISSUES

1. Are the Junaks entitled to setoff of their damages from the Johns' alleged breach of the covenant not to compete against the amount claimed to be due on the contract for deed?

2. Did the trial court err in dismissing the Junaks' suit?

### ANALYSIS

■ 1. Setoff is an equitable doctrine which courts may use at their discretion. *Hogren v. Schlueter*, 355 N.W.2d 762, 764 (Minn.Ct.App.1984). Whether setoff of a

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

debt discharged in bankruptcy should be allowed is an issue of first impression in Minnesota. Other courts, however, have dealt with the issue. *See Binnick v. Avco Financial Services of Nebraska, Inc.,* 435 F.Supp. 359 (D.Neb.1977); *International Equipment Service, Inc. v. Pocatello Industrial Park Co.,* 107 Idaho 1116, 695 P.2d 1255 (1985); *Kaufman's of Kentucky v. Wall,* 383 S.W.2d 907 (Ky.Ct.App.1964). In cases where setoff has been allowed, the reasoning has been that "a discharge in bankruptcy should operate as a shield against affirmative recovery, not as a sword enabling a debtor to take undue advantage of the discharge." *International Equipment Service,* 107 Idaho at 1118–19, 695 P.2d at 1257–58.

We find this reasoning unpersuasive. We believe the better reasoning is that a discharge of a debt in bankruptcy acts as a bar to all attempts to collect the debt, regardless of whether these attempts are characterized as active or passive collection efforts. Collection of debts discharged in bankruptcy, regardless of the method, is contrary to the fresh start afforded a debtor under the bankruptcy code.

In addition, we note the cases cited by the Junaks were concerned with the bankruptcy code as it existed prior to 1978. In 1978, Congress enacted the Bankruptcy Reform Act, Pub.L. 95–598, 92 Stat. 2549 (1978). As the Idaho Supreme Court noted in *International Equipment Service,* the 1978 reforms prohibit setoff of a discharged debt against a post-petition judgment. 107 Idaho at 1118, 695 P.2d at 1257 n. 3; *see also In re Johnson,* 13 B.R. 185, 188–89 (Bankr.M.D.Tenn.1981).

2. The trial court dismissed the Junaks' suit before it had been called for trial. This was error. A case should not be dismissed for failure to prosecute unless it has been called for trial. *Jeurissen v. Harbeck,* 267 Minn. 559, 560, 127 N.W.2d 437 (1964); *Breza v. Schmitz,* 305 Minn. 537, 538, 233 N.W.2d 559, 560 (1975).

## DECISION

The trial court correctly refused to allow setoff of a debt discharged in bankruptcy against a post-petition claim. The trial court erred in dismissing the Junaks' suit before it had been called for trial. We remand for further proceedings consistent with this opinion. Upon remand, the trial court should determine whether Alice John had filed for bankruptcy and further determine what effect, if any, any bankruptcy proceedings had on her claims and the breach of covenant suit by the Junaks.

Affirmed in part, reversed in part and remanded.