943 P.2d 59

Gilbert DAVIS and Susan Davis, husband and wife, Plaintiffs–Appellants,

v.

IDAHO DEPARTMENT OF HEALTH AND WELFARE, Defendant–Respondent.

No. 22545.

Court of Appeals of Idaho.

July 23, 1997.

Rehearing Denied Aug. 26, 1997.

Lojek & Strother, Chartered, Boise; Goicoechea Law Offices, Chartered, Boise, for plaintiffs–appellants. Donald W. Lojek argued.

Alan G. Lance, Attorney General; W. Corey Cartwright, Deputy Attorney General (argued), Boise, for defendant–respondent.

LANSING, Judge.

This is an appeal from a district court's order requiring a Medicaid recipient to reimburse the Idaho Department of Health and Welfare for Medicaid payments made as a result of injuries he received in an airplane accident. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

In 1989, Gilbert Davis was severely injured in the crash of a prototype of the "Davis Flying Wing," an airplane that he had designed. The accident occurred when a component part of the aircraft malfunctioned during flight, forcing Davis to crash land the plane. As a result of the accident, Davis became a paraplegic. Davis qualified for Medicaid benefits from the Idaho Department of Health and Welfare (DHW), which paid $ 87,251.38 of his medical expenses. Davis brought an action against the manufacturers of the defective component part and, at trial, was awarded a substantial sum. However, the verdict was reduced by 35% based on the jury's finding that Davis had been 35% at fault for the crash. The amount was further reduced in a post-trial settlement between Davis and the manufacturers.

DHW claimed entitlement under I.C. § 56–209b to receive from the settlement "the amount of the medical assistance benefits paid by the department" for Davis's benefit, minus a pro rata share of attorney fees and costs. However, a dispute arose regarding the amount that DHW should recoup. Davis filed a lawsuit to resolve the conflict, arguing that DHW's subrogated interest in the settlement was subject to the same 35% reduction as the jury award. Conversely, DHW contended that under Idaho statutory law as well as equitable principles, it is entitled to full reimbursement for the medical expenses paid. Each party moved for summary judgment. The district court granted DHW's motion and ordered Davis to fully reimburse DHW for expenses paid by Medicaid, with reduction only for costs and attorney fees. This appeal followed.

## ANALYSIS

This Court reviews the district court's ruling on a motion for summary judgment by applying the same standard properly applied by the district court when originally ruling on the motion. *City of Sun Valley v. Sun Valley Co.*, 128 Idaho 219, 221, 912 P.2d 106, 108 (1996); *State v. Shama Resources Ltd.*, 127 Idaho 267, 270, 899 P.2d 977, 980 (1995). Summary judgment must be ordered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). In this case, the parties agree that there are no material factual issues. The operative issue is a matter of statutory construction, which we determine independent of the district court's decision because it is purely a question of law. *City of Sun Valley, supra; Harris v. State, Dep't of Health and Welfare*, 123 Idaho 295, 297, 847 P.2d 1156, 1158 (1992).

The interpretation of a statute begins with an examination of its literal words. *In re Permit No. 36–7200*, 121 Idaho 819, 823, 828 P.2d 848, 852 (1992); *Ada County v. Gibson*, 126 Idaho 854, 856, 893 P.2d 801, 803 (Ct.App.1995). Where statutory language is unambiguous, the clearly expressed intent of the legislature must be given effect, and there is no occasion for a court to consider rules of construction. *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 404, 913 P.2d 1168, 1174 (1996); *Ada County v. Gibson, supra.* However, where the text of a statute is ambiguous, courts look to rules of construction for guidance and may consider the reasonableness of proposed interpretations in assessing its meaning. *Gibson, supra; Frazier v. Neilsen & Co.*, 118 Idaho 104, 106, 794 P.2d 1160, 1162 (Ct.App.1990).

In support of his contention that DHW is only entitled to a 65% reimbursement for the medical assistance it provided to him, Davis has focused on the legislature's use of the term "subrogated" in I.C. § 56–

209b(3). That subsection, as it existed at the time of the district court's ruling,[1] stated:

> In all cases where the department of health and welfare through the medical assistance program has or will be required to pay medical expenses for a recipient and that recipient is entitled to recover any or all such medical expenses from any third party, the department of health and welfare will be *subrogated* to the rights of the recipient to the extent of the amount of medical assistance benefits paid by the department as the result of the occurrence giving rise to the claim against the third party. If litigation or a settlement in such a claim is pursued by the recipient of medical assistance, the recipient will so notify the department. If the recipient recovers funds, either by settlement or judgment, from such a third party, the recipient will repay to the extent of the funds received in settlement minus attorney fees and costs, the amount of the medical assistance benefits paid by the department on his behalf as a result of said occurrence. (Emphasis added.)

Davis argues that the use of the term "subrogated" in the statute evidences a conscious decision by the drafters of the legislation to employ common law subrogation principles in calculating reimbursement amounts. Subrogation is an equitable concept which permits a party who has been required to satisfy a loss created by a third party's wrongful conduct to step into the shoes of the injured party and recover from the wrongdoer. *International Equipment Service, Inc. v. Pocatello Indust. Park Co.*, 107 Idaho 1116, 1119, 695 P.2d 1255, 1258 (1985). *See also Hoopes v. Hoopes*, 124 Idaho 518, 521, 861 P.2d 88, 91 (Ct.App.1993). Under general subrogation principles, if DHW had sued the manufacturers directly for reimbursement of Medicaid payments, its recovery would have been reduced by the 35% negligence attributable to Davis. *See International Equipment Service, Inc., supra.* Therefore, Davis asserts that he is not obligated to reimburse DHW for 35% of the medical costs because he and DHW were foreclosed by Davis's contributory negligence from collecting those costs from the component parts manufacturers.

DHW takes a different view of the applicable statute and claims entitlement to full reimbursement of its expenditures. It argues that Section 56–209b does not incorporate general subrogation principles and that the language of the statute itself evidences the legislature's intent to require that Medicaid recipients who have made third party recoveries for their injuries repay all of the Medicaid benefits ascribable to the injuries, minus a pro rata share of attorney fees and costs. The State also points out that if the public had not stepped in to pay Davis's medical bills, Davis would have been required to pay the full amount to his health care providers from his settlement proceeds and would not be entitled to claim that the health care bills should be reduced by his proportionate share of fault. Therefore, the State urges, equitable principles do not call for a 35% reduction in the Medicaid reimbursement.

■ We find it unnecessary to decide whether the legislature intended to incorporate common law subrogation principles into the statutory scheme under Section 56–209b(3), for even if that subsection does adopt such principles, the unambiguous language of the next subsection, I.C. § 56–209b(4), nonetheless requires that Davis fully reimburse DHW under the circumstances presented here. It is well understood that equitable principles cannot supersede the positive enactments of the legislature. *Glover v. Glover*, 172 Ga.App. 278, 322 S.E.2d 755, 757 (1984). *See also Weiner v. American Petrofina Marketing, Inc.*, 482 So.2d 1362, 1364 (Fla.1986) (stating that general principles of law and equity will not prevail when in conflict with provisions of the Uniform Commercial Code); *In the Matter of Quinlan*, 137 N.J.Super. 227, 348 A.2d 801, 816, 820 (1975) (stating that "When positive statutory law exists, an equity court cannot supersede or abrogate it."); *Lincoln Highway Realty, Inc. v. State*, 128 N.J.Super. 35,

---

1. Idaho Code Section 56–209b was extensively revised in July of 1996. 1996 Idaho Sess. Laws, ch. 196, § 1 at 614.

318 A.2d 795, 799 (1974) (holding that "Courts of equity may no more disregard statutory and constitutional requirements and provisions than can courts of law. They are bound by positive provisions of a statute....").  Accordingly, we need not consider equitable arguments when a statute clearly and unambiguously dictates a particular result.

Section §   56–209b(4), as it existed when the Medicaid payments were made, stated in part:

> If a settlement or judgment is received by the recipient without delineating what portion of the settlement or judgment is in payment of medical expenses, it will be presumed that the settlement or judgment applies first to the medical expenses incurred by the recipient in an amount equal to the expenditure for medical assistance benefits paid by the department as a result of the occurrence giving rise to the payment or payments to the recipient.

This subsection is unambiguous and describes the precise circumstance that occurred here.  Following the jury's award, but before a final judgment was entered, Davis entered into a settlement agreement with the manufacturers of the component part.  The settlement agreement did not specify what portion of the settlement was in payment of the medical expenses.  As this circumstance falls directly within the dictates of § 56–209b(4), the statute specifically and unambiguously requires that the settlement be applied "first" to Medicaid payments in an amount "equal to the expenditures for medical assistance benefits paid by the department."  Davis must therefore fully reimburse DHW for the medical expenses paid for his benefit, minus DHW's pro rata share of attorney fees and costs.

## CONCLUSION

For the forgoing reasons we affirm the decision of the district court.

WALTERS, C.J., and PERRY, J., concur.