*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0053**

Kallys Albert, Sr.,
Appellant,

vs.

Chon Xiong,
Respondent,

Jared J. Timmer (Progressive Claims Generalist),
Defendant,

John Does,
Defendants.

**Filed January 29, 2024**
**Affirmed**
**Bratvold, Judge**

Anoka County District Court
File No. 02-CV-21-2199

Kallys Albert, Sr., Minneapolis, Minnesota (pro se appellant)

Jessica C. Richardson, Michael J. Vetter, Jr., Gabriel V. Wolski, Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Bratvold, Presiding Judge; Ross, Judge; and Schmidt, Judge.

**BRATVOLD**, Judge

In this appeal from a final judgment dismissing appellant's complaint with prejudice as a sanction for appellant's failure to cooperate with discovery, appellant argues that the district court abused its discretion. Based on applicable caselaw and the district court's findings, which are fully supported by the record, we affirm.

**FACTS**

Appellant Kallys Albert alleged that respondent Chon Xiong drove recklessly and "crashed and damaged" Albert's vehicle while on Interstate 694 near the Brookdale Clinic on February 19, 2021. Albert sued Xiong, serving a summons and complaint alleging damage to "his property and person." During discovery, Albert appeared to narrow the issues by repeatedly asserting that he sought damages for property loss only, not personal injury.

Discovery also led to many conflicts. More than once, Albert refused to respond to discovery or cooperate with Xiong's counsel in scheduling Albert's deposition. For example, Albert asked Xiong's attorney to provide "security personnel" to escort him to and from the deposition and transportation "to and from the facility." When Xiong's attorney offered to hold the deposition over a web-based video-conference platform, Albert asked Xiong's attorney to provide an electronic device for him participate, even though Albert had participated in a court hearing via a web-based video-conference platform. Xiong's attorney offered to conduct the deposition by telephone, but Albert did not respond

2

to the offer. In short, Xiong filed more than one motion to compel discovery and asked the district court to order Albert to appear for a deposition.

On August 5, 2022, the district court granted Xiong's motion to compel discovery, first finding that Albert had failed to cooperate with discovery, as described above, and then ordering Albert to respond to interrogatories and requests for production of documents and statements within 14 days of the order and to make himself available for a deposition via video conference within 30 days. The order also stated that if Albert violated these directives, "Xiong's counsel may file an affidavit with the Court attesting to [Albert's] failure to abide by this Order" and "the Court may consider a motion to dismiss this matter."

On August 22, 2022, Albert appeared for his deposition. Albert refused to answer some questions. For example, Albert declined to answer with "yes" or "no" when Xiong's attorney asked if Albert had been known by any other names. Some of Albert's responses were evasive. For example, when Xiong's attorney asked Albert which lane of traffic Xiong was in before the collision, Albert stated, "I'm not going to keep dancing around your questions here. . . . If you have any responsible questions, please ask them." And when Xiong's attorney asked if Albert was exiting onto East River Road, he answered, "That is your understanding. I'm not going to go back through that." Albert also requested an "English-to-English" translator more than once during the deposition, claiming that Xiong's attorney did not understand English.

Xiong moved for sanctions against Albert based on "his intentional frustration of his deposition and obstruction of the discovery process" or for an order compelling Albert

to appear for a deposition before the district court. Albert filed a memorandum in response to Xiong's motion and "in support of his repeated counter motions and motions for sanctions and for dismissal with prejudice against defendants, Xiong and Timmer and for continuance." We understand Albert's memorandum to have requested default judgment, among other relief. Although Albert's written request was unclear, during the hearing on Xiong's motion, Albert stated that he sought "a default judgment under the law." When the district court inquired to clarify his requests, Albert stated that he was not seeking default judgment.

In November 2022, the district court granted Xiong's motion for sanctions, dismissed Albert's case with prejudice under Minn. R. Civ. P. 37.02, and directed entry of judgment. The district court's order also denied Albert's motion for default judgment, reasoning that Albert's argument that he was entitled to default judgment because "Xiong did not file an answer for property damage" was "not persuasive" because Xiong filed an answer that addressed "both personal injury and property damage."

This appeal follows.

## DECISION

We first consider which issues are presented in this appeal. Albert's brief to this court challenges the district court's decision to dismiss his complaint with prejudice. While Xiong's brief to this court addresses whether the district court erred by denying Albert's default motion, Albert did not raise this issue in his initial brief and mentions it only in his

4

reply brief.[1] Since Albert did not raise the default-judgment motion in his initial brief, we need not address this issue. *Wood v. Diamonds Sports Bar & Grill, Inc.*, 654 N.W.2d 704, 707 (Minn. App. 2002) ("If an argument is raised in a reply brief but not raised in an appellant's main brief, and it exceeds the scope of the respondent's brief, it is not properly before [the court of appeals] and may be stricken from the reply brief."), *rev. denied* (Minn. Feb. 26, 2003). Thus, we proceed by considering the district court's decision to dismiss Albert's complaint with prejudice.[2]

Albert argues that the district court abused its discretion by dismissing his complaint with prejudice as a discovery sanction and that the district court improperly "refuse[d] a Court supervised deposition." Appellate courts review a district court's decision to impose discovery sanctions for an abuse of discretion. *Frontier Ins. Co. v. Frontline Processing Corp.*, 788 N.W.2d 917, 922 (Minn. App. 2010), *rev. denied* (Minn. Dec. 14, 2010); *see Cornfeldt v. Tongen*, 262 N.W.2d 684, 697 (Minn. 1977) ("Trial courts must have discretion to determine the sanction appropriate to a violation of the discovery rules, for they are in the best position to assess the degree of prejudice that will arise from the violation and the efficacy of the remedies available . . . ."). A district court abuses its

---

[1] In fact, Albert's reply brief asserts that he did not move for default judgment and that Xiong's briefing on this issue is a "concocted falsehood."

[2] Albert's initial brief to this court also challenges the district court's order granting summary judgment for defendant Jared J. Timmer, an insurance-claims analyst. This court issued a special term order granting Timmer's motion to dismiss the appeal against him, stating that Albert "cannot seek relief against Timmer in this appeal" due to his failure to timely serve a notice of appeal on Timmer. We therefore do not consider Albert's arguments about the district court's order granting summary judgment for Timmer.

discretion if it makes "findings [of fact] unsupported by the evidence or . . . improperly appl[ies] the law." *Underdahl v. Comm'r of Pub. Safety* (*In re Comm'r of Pub. Safety)*, 735 N.W.2d 706, 711 (Minn. 2007).

Courts enforce civil discovery through a two-step process, which is reflected in the procedural history of this case. *See* 1A David F. Herr & Roger S. Haydock, *Minnesota Practice* § 37:1 (6th ed. 2018) (describing the two-step process). First, a party "must seek and obtain an order compelling discovery." *Id.* "If discovery is not forthcoming" after the first step, "that party may seek the imposition of sanctions" against the party who failed to comply with the order. *Id.* This provides "the recalcitrant party with a warning of what sanction may be imposed if the discovery order continues to be violated." *Id.* Our supreme court approved a district court's conclusion that a plaintiff has "forfeited [their] right to a trial of [their] case on the merits" if they "willfully and without justification or excuse refused to comply with discovery orders and deliberately and in bad faith, with the intent to delay trial, continued to refuse to cooperate with the court and defendants' counsel to bring the case to a prompt and expeditious conclusion." *Breza v. Schmitz*, 248 N.W.2d 921, 922 (Minn. 1976) (quotation marks omitted).

Minnesota Rule of Civil Procedure 37.02(b)(3) authorizes the district court to issue sanctions for discovery violations, including dismissing "the action or proceeding," if a party fails to "obey an order to provide or permit discovery." Minnesota caselaw articulates

five factors for determining whether a district court has abused its discretion by imposing discovery sanctions:

> (1) if the court set a date certain by which compliance was required, (2) if the court gave a warning of potential sanctions for non-compliance, (3) if the failure to cooperate with discovery was an isolated event or part of a pattern, (4) if the failure to comply was willful or without justification, and (5) if the moving party has demonstrated prejudice.

*Frontier Ins. Co.*, 788 N.W.2d at 923.

Here, the district court made specific findings on each of the five factors before deciding whether to dismiss Albert's complaint with prejudice. First, the district court determined that it "set out a specific deadline for [Albert's] deposition." The district court ordered Albert "to make himself available for a deposition . . . within 30 days of the Court's Order and . . . all discovery had to be completed within 90 days."

Second, the district court found that it had warned Albert that he could be sanctioned for noncompliance. The district court's order issued August 4, 2022 "included a clear warning that if [Albert] failed to comply with the deadline, the Court may . . . consider" sanctions including "a motion to dismiss the matter in its entirety."

Third, the district court considered whether Albert's failure to cooperate was an isolated incident or a pattern of conduct. Xiong filed three motions to compel based on Albert's ongoing failure to cooperate with discovery. The district court found that Albert failed to respond or object to Xiong's discovery requests, failed to communicate with Xiong's counsel to clarify his claims, made unreasonable demands related to his deposition, and provided "unresponsive and evasive" answers during his deposition. The

district court accordingly concluded that Albert "engaged in a pattern of conduct that has interfered with discovery and the taking of his deposition by opposing counsel."

Fourth, the district court considered whether Albert's "failure to cooperate was willful and without justification." The district court found that Xiong had "attempted to afford [Albert] all possible assistance and courtesies," but Albert "has willfully and without justification or excuse, refused to comply with discovery orders and deliberately and in bad faith, with the intent to delay the trial, continued to refuse to cooperate with the Court and defense counsel." Although Albert appeared for his deposition, he did not cooperate during the deposition. The district court found that Albert "provided unresponsive and evasive answers to defense counsel's reasonable and relevant questions." The district court also found that Albert's conduct during the deposition was "not courteous or respectful." The district court concluded that Albert's failure to cooperate was willful and without justification.[3]

Fifth, the district court determined that Albert's failure to comply with the discovery order prejudiced Xiong. Specifically, Albert's "unresponsive and evasive answers during his deposition prejudiced Defendant Xiong by depriving him of the necessary information to form a defense." The district court pointed out, for example, that Xiong was "entitled

---

[3] In his brief to this court, Albert claims that his refusal to respond to discovery was based on his constitutional right not to incriminate himself. This argument fails for two reasons. First, he raises this issue for the first time on appeal, and appellate courts seldom address issues that were not presented to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Second, Albert's argument is a "mere assertion" that is not supported by any understandable argument or legal authority, and therefore, we need not consider it. *Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135 (Minn. 1971).

to" responses to questions about whether Albert had testified before at a deposition or been known by other names to determine whether he had "made any prior admissions" or participated in "any other lawsuits or criminal matters."

Applicable caselaw supports the district court's analysis of these five factors. In *Breza*, the Minnesota Supreme Court affirmed a district court's decision to dismiss a plaintiff's complaint as an appropriate discovery sanction under Minn. R. Civ. P. 37.02. 248 N.W.2d at 922. The district court found that the plaintiff repeatedly ignored discovery orders in bad faith to delay the resolution of the case. *Id.* Like the appellant in *Breza*, Albert refused to cooperate throughout the discovery process, acted in bad faith, made unreasonable demands as conditions for attending his deposition, and refused to answer Xiong's attorney's discovery requests and deposition questions. "[A]n evasive or incomplete disclosure, answer, or response" is considered a "failure to disclose, answer, or respond." Minn. R. Civ. P. 37.02(c).

Our review of the record also supports the district court's analysis of the five factors. The record shows that Albert failed to follow a district court order to comply with discovery and that Albert engaged in an unjustified pattern of uncooperative behavior. The district court aptly summarized the record as showing Albert's "persistent, willful failure to provide meaningful discovery and refusal to cooperate with the Court and Defendant Xiong's counsel to bring this case to a prompt and expeditious conclusion, prejudicing Defendant Xiong by preventing him from preparing a defense and continually incurring costs for each motion hearing." The district court also did not abuse its discretion by declining to order a court-supervised deposition. The district court stated that it did not

9

"believe a deposition before the Court would be fruitful given [Albert's] repeated attempts to remove the . . . judge, his assertions that th[e] Court does not have subject matter jurisdiction, and his belief that this matter should be removed to federal court." Thus, we conclude that the district court did not abuse its discretion by imposing discovery sanctions against Albert and dismissing his case with prejudice.

Finally, in his brief to this court, Albert argues for reversal based on four grounds unrelated to the district court's reasons for dismissing his complaint with prejudice. Albert argues that (A) Xiong and the district court improperly considered his case a personal-injury case and wrongfully listed the case type as "personal injury" in court filings; (B) Xiong asserted personal-injury defenses, and the district court lacked subject-matter jurisdiction over these defenses; (C) the district court judge was biased against Albert; and (D) the district court violated Albert's constitutional rights, for which he is entitled to relief under 42 U.S.C. § 1983 (2018).

In support of these four grounds, Albert cites caselaw, statutes, and rules; however, despite our careful review of the cited authorities, they do not support Albert's assertions. Nor does Albert provide understandable argument explaining how the cited authorities support his challenge to the district court's order dismissing his complaint with prejudice. Appellate courts will not address issues that are inadequately briefed. *State Dep't of Labor & Indus. by the Special Comp. Fund v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997). "An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal . . . ." *Schoepke*, 187 N.W.2d at 135. Minnesota courts require all parties, including

self-represented litigants, to comply with standard rules of court procedure. *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001).

"[O]n appeal error is never presumed. It must be made to appear affirmatively before there can be reversal . . . [and] the burden of showing error rests upon the one who relies upon it." *Waters v. Fiebelkorn*, 13 N.W.2d 461, 464-65 (Minn. 1944). Thus, as to the four other grounds Albert asserts for reversal, he fails to meet his burden to show error because he adequately briefed his arguments. We therefore do not consider these four arguments.

**Affirmed.**